IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

ANTONIO J. SMITH,

                Plaintiff,

v.                                                                     ORDER

SGT. KOLBO, JOHN DOE OFFICERS,                        18-cv-385-jdp
JOHN DOE SGT., and JOHN DOE WHITE SHIRTS,

                Defendants.

---

Plaintiff Antonio J. Smith, appearing pro se, is a prisoner at the Wisconsin Secure Program Facility. I granted Smith leave to proceed on claims that defendant prison officials violated his Eighth Amendment rights by restraining him in a bed for more than 20 hours without bathroom breaks.

Smith has filed two motions: a motion he calls one for partial summary judgment against state officials who denied an open-records request he made under Wisconsin law to obtain the video recording of the incident, Dkt. 15, and a motion to have any damages awarded in the case deposited in his prison release account, Dkt. 16. I will deny both motions.

Smith calls his motion regarding his open-records request a motion for summary judgment, but this case does not involve any claims regarding these requests; the point of summary judgment is to resolve claims or defenses, not contest evidentiary issues. *See* Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense—on which summary judgment is sought."). Smith says that under Wisconsin law he has the right to litigate a denied open-records request, *see* Wis. Stat. § 19.37, but that statute says that the person denied the records may file a mandamus action. That is not an action this court can entertain, because this court cannot order state

officials to comply with state law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment."). Smith is free to file a mandamus action in state court.

I also take Smith to be saying that his right of access to this court is being frustrated by the records denial. He says that without the video, he will not be able to identify the "John Doe" defendants against whom he is proceeding. This court can consider access-to-the-courts issues in two different ways: as standalone claims for a violation of one's constitutional rights, or as a motion within a lawsuit to guarantee that a prisoner is not being blocked from litigating the case.

I will deny Smith's motion under either theory. He hasn't amended his complaint to add a new access-to-the-courts claim, but even if he did, his efforts to identify the Doe defendants have not yet been thwarted. As I explained to Smith in my order screening his complaint, Magistrate Judge Stephen Crocker will hold a preliminary pretrial conference by telephone, at which he will explain the process for Smith to use discovery requests to identify the names of the Doe defendants and to amend the complaint to include the proper identities of these defendants. Regardless of state officials' interpretation of the open records law, the defendants in this case have an obligation to either turn over relevant information Smith seeks or to object to Smith's requests. If they do not provide Smith with the recording after he makes a discovery request for it, he can file a motion to compel discovery of the recording.

ORDER

IT IS ORDERED that:

1. Plaintiff Antonio J. Smith's motion for partial summary judgment, Dkt. 15, is DENIED.

2. Plaintiff's motion regarding the deposit of damages awarded in this lawsuit, Dkt. 16, is DENIED.

Entered September 14, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge