IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO J. SMITH,

        Plaintiff,

v.

JOSHUA KOLBO, BROCK LISNEY-STELDT,
MATTHEW PECKHAM, RICKY STILWELL,
DANIEL SUTHERS, JOSHUA BROWN,                       ORDER
TODD BRESEE, STEPHEN SCHNEIDER,
STEVE ECK, WAYNE PRIMMER,                            18-cv-385-jdp
JARED HUNT, NICOLE LOOMIS,
REBECCA EAGLEBURGER,
MICHAEL SNYDER, BRIAN LANGE,
PATRICK GOVIER, DOE ATWOOD,
and MICHAEL HANFELD,

        Defendants.

---

Plaintiff Antonio J. Smith, appearing pro se, is a prisoner at the Wisconsin Secure Program Facility. Smith alleges that prison staff kept him restrained in a bed for more than 20 hours without bathroom breaks. I granted Smith leave to proceed against defendant Joshua Kolbo and an unspecified number of "John Doe" defendants who either placed him in restraints approved the restraints, or stood by without helping him. *See* Dkt. 11.

Smith filed an amended complaint identifying the Does, and they appear in the caption above. The Wisconsin Department of Justice filed a document stating that it accepts service on behalf of all defendants, except for "Doe Atwood" because it was unable to identify Atwood, and Michael Hanfeld because he is deceased.[1] This order concerns defendant Atwood and a second amended complaint filed by Smith.

---

[1] The court tasked the state with either serving the proper party with a "notice of death" under the Federal Rules of Civil Procedure or show cause why it cannot do so. *See* Dkt. 30. But that

The court suggested that it might be relatively easy to nail down the identity of defendant Atwood because Smith presumably got that name from discovery responses by state officials. Dkt. 30, at 2–3. The court gave Smith a short time to state whether he still wished to bring a claim against Atwood, and if so, explain what information he used to arrive at that name. *Id.* Smith has now responded that Atwood's first name is Leslie, and he attaches a prison information request form showing that a prison official gave him that information. Dkt. 32 and Dkt. 32-3. I will direct the clerk of court to amend the caption to reflect the full name of defendant Atwood.

Ordinarily I would ask the state to respond whether it will be representing Atwood. But I will hold off on that, because Smith has filed a second amendment complaint that raises significant questions about whether he has adequately pleaded his claims. His proposed second amended complaint, Dkt. 31, is really a supplement to his original and first amended complaints. In it, he names 11 new supervisory officials as defendants, stating that each of them "did nothing to protect nor prevent plaintiff from the other defendants' deliberate indifference." *Id.*

But in cases under 42 U.S.C. § 1983, a plaintiff cannot "rely on the doctrine of *respondeat superior* to hold supervisory officials liable for the misconduct of their subordinates. . . . Rather, the supervisory officials also must have had some personal involvement in the constitutional deprivation, essentially directing or consenting to the challenged conduct." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). In short, these new defendants' status as supervisors by itself is not enough to support an Eighth

---

issue is not currently before the court.

2

Amendment claim. The question is whether each defendant was directly part of the events that occurred, or otherwise knew of a risk that Smith's rights would be violated, and they approved of or ignored the risk.

Smith's vague new supplement against such a large number of defendants gives me reason to question whether his first amendment naming an even larger number of Doe defendants is improper as well. It is possible that all 18 officials named in the first amendment were directly involved in either restraining him or failing to intervene to help him, but the more defendants he adds to his complaint, the less likely it is that he truly knows how each was involved in violating his rights. Right now, his pleadings do not connect each of the 29 proposed defendants to actions that he believes violated his rights.

Because Smith's pleadings so far do not adequately explain why he is trying to bring claims against this many different prison officials, I will direct him to file an amended complaint in which he explains how *each defendant* was involved in violating his rights. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. He cannot bring claims against a prison official merely for being on duty in a particular unit on a particular day. He needs to explain how each defendant was either involved in directly restraining him or knew about the problem yet failed to intervene. If Smith does not know which of the officials on duty were responsible for violating his rights, then the likely solution will be for Smith to conduct further discovery to truly identify the Doe defendants.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to amend the caption to include Leslie Atwood as a defendant.

2. Plaintiff Antonio J. Smith may have until February 22, 2019, to submit an amended complaint that explains how each proposed defendant violated his rights.

Entered February 4, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge