IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO J. SMITH,

                Plaintiff,

v.

JOSHUA KOLBO, BROCK LISNEY-STELDT,
MATTHEW PECKHAM, RICKY STILWELL,
DANIEL SUTHERS, JOSHUA BROWN,            ORDER
TODD BRESEE, STEPHEN SCHNEIDER,
STEVE ECK, WAYNE PRIMMER,                  18-cv-385-jdp
JARED HUNT, NICOLE LOOMIS,
REBECCA EAGLEBURGER,
MICHAEL SNYDER, BRIAN LANGE,
PATRICK GOVIER, DOE ATWOOD,
and MICHAEL HANFELD,

                Defendants.

---

Plaintiff Antonio J. Smith, appearing pro se, is a prisoner at Wisconsin Secure Program Facility. Smith alleges that prison staff kept him restrained in a bed for more than 20 hours without bathroom breaks. I granted Smith leave to proceed against defendant Joshua Kolbo and an unspecified number of "John Doe" defendants who either placed him in restraints approved the restraints, or stood by without helping him. *See* Dkt. 11. Smith filed an amended complaint identifying the Does, Dkt. 25, and a second amended complaint naming 11 more defendants—all supervisory officials—stating that each of them "did nothing to protect nor prevent plaintiff from the other defendants' deliberate indifference," Dkt. 31. Because Smith's pleadings, even taken together, did not adequately explain how 29 different prison officials violated his rights, I directed him to submit a new amended complaint that set forth his claims against each of the defendants he wishes to sue. *See* Dkt. 33.

Smith has responded with a third amended complaint, in which he details the various prison officials involved in his treatment throughout the events at issue. Dkt. 38. I will consider only the people he names in the "parties" section of his complaint to be defendants at this point. From his new allegations, I am satisfied that he has stated Eighth Amendment claims against the following defendants for strapping him to a bed for a prolonged period, causing him both physical and psychological pain and humiliating him: defendants Joshua Kolbo, Michael Hanfeld, Brock Lisney-Steldt, Matthew Peckham, Ricky Stillwell, Daniel Suthers, Joshua Brown, Todd Bresee, Stephen Schneider, Steve Eck, Jared Hunt, Nicole Loomis, Rebecca Eagleburger, Michael Snyder, Patrick Govier, Leslie Atwood, Dustin Jaynes, A. Drone, Gary Boughton, Stacey Hoem, and Jolinda Waterman. I will direct the clerk of court to amend the caption accordingly.

Most of these defendants are already being represented by the Wisconsin Department of Justice. I will give the state a short time to explain whether it will also represent defendants Atwood, Jaynes, Drone, Boughton, Hoem, and Waterman.

That leaves a few defendants. I previously allowed Smith to proceed on claims against Brian Lange and Wayne Primmer. But Smith does not mention Lange in the complaint. Smith names *Larry* Primmer as a defendant in the new complaint and states that he was a supervisor. But Smith does not specifically allege that Primmer was personally involved in any of his treatment. So I will dismiss both Lange and Primmer.

Smith names another supervisor, Daniel Leffler, as a defendant, and alleges that Leffler failed to train and supervise his staff. But to be liable under 42 U.S.C. § 1983, a defendant must have some personal involvement in the constitutional deprivation. *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1036 (7th Cir. 2003). Leffler cannot be liable merely for being

2

another official's supervisor. For a failure-to-train claim, Smith would have to allege facts suggesting that Leffler was responsible for training prison officials about restraining inmates like Smith, and Leffler knew that his failure to train them was likely to lead to a constitutional violation. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). Smith only alleges generally that Leffler failed to train his staff properly, but he does not provide any specific reason to think that Leffler knew that this would lead to inmates being restrained for hours without being able to use a bathroom—a condition that officers shouldn't need training to know is inappropriate. So I will not allow Smith to proceed on a claim against Leffler. Instead, I will dismiss Leffler from the case.

In his new complaint, Smith suggests that at least some of his time in restraints was recorded on videotape, but that prison officials lost or destroyed that evidence. Smith's allegation might be viewed as either a motion to compel discovery or a motion for sanctions for spoliation of evidence. I will have defendants respond to this allegation.

Finally, defendants have filed a motion to stay the expert-disclosure and dispositive-motions deadlines pending screening of Smith's new complaint. I will grant that motion and amend the schedule as follows: Smith's expert-disclosure deadline is moved to September 1, 2019; defendants' is moved to October 1, 2019; and the dispositive-motions deadline is moved to October 8, 2019.

ORDER

IT IS ORDERED that:

1. Plaintiff Antonio J. Smith is GRANTED leave to proceed on Eighth Amendment claims against defendants Joshua Kolbo, Michael Hanfeld, Brock Lisney-Steldt, Matthew Peckham, Ricky Stillwell, Daniel Suthers, Joshua Brown, Todd Bresee, Stephen Schneider, Steve Eck, Jared Hunt, Nicole Loomis, Rebecca Eagleburger, Michael Snyder, Patrick Govier, Leslie Atwood, Dustin Jaynes, A. Drone, Gary Boughton, Stacey Hoem, and Jolinda Waterman.

2. The Wisconsin Department of Justice may have until August 2, 2019, to explain whether it will accept service on behalf of the newly added defendants.

3. Defendants Brian Lange and Wayne Primmer are DISMISSED from the case.

4. The clerk of court is directed to amend the caption to reflect the rulings made in this order.

5. Defendants may have until August 2, 2019 to respond to Smith's amended complaint regarding the alleged destruction of video evidence. Smith may have until August 9, 2019, to reply.

6. Defendants' motion to stay deadlines, Dkt. 42, is GRANTED. The schedule is amended as set forth above.

Entered July 19, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge