IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO J. SMITH,

                Plaintiff,

  v.

JOSHUA KOLBO, MICHAEL HANFELD,
BROCK LISNEY-STELDT, MATTHEW PECKHAM,
RICKY STILLWELL, DANIEL SUTHERS,            OPINION and ORDER
JOSHUA BROWN, TODD BRESEE,
STEPHEN SCHNEIDER, STEVE ECK, JARED HUNT,        18-cv-385-jdp
NICOLE LOOMIS, REBECCA EAGLEBURGER,
MICHAEL SNYDER, PATRICK GOVIER,
LESLIE ATWOOD, DUSTIN JAYNES,
ASHLEY DRONE, GARY BOUGHTON,
STACEY HOEM, and JOLINDA WATERMAN,

                Defendants.

---

Plaintiff Antonio J. Smith, appearing pro se, is a prisoner at Wisconsin Secure Program Facility. Smith alleges that prison staff kept him restrained in a bed for more than 20 hours without bathroom breaks, range-of-motion exercises, or adequate clothing or blankets for the cold. Smith alleges that this caused him to urinate and defecate on himself, and caused him pain, discomfort, and humiliation.

**A.  Motion for partial summary judgment**

I granted Smith leave to proceed against 21 prison officials who participated in restraining Smith or oversaw those actions. Defendants have filed a motion for partial summary judgment, contending that defendant Warden Gary Boughton cannot be liable because he was not aware of the alleged violations of Smith's rights. Dkt. 57. They also contend that eight defendants—Daniel Suthers, Todd Breese, Matthew Peckham, Brock Linsey-Steldt, Joshua Brown, Ricky Stillwell, Patrick Govier, and Steve Eck—should be dismissed because Smith

cannot prove that they denied him adequate clothing or a blanket. *Id.* Smith has responded by stating that he concedes to dismissal of these defendants. Dkt. 63. So I will grant defendants' motion for summary judgment and dismiss these defendants from the case. The rest of Smith's claims will go to trial.

I will follow this order with a "trial preparation order" that will include specific instructions about how Smith should present his claims at trial.

**B. Camera footage**

In screening Smith's third amended complaint, I noted that Smith suggested that some of his time in restraints was recorded on videotape, but that prison officials lost or destroyed that evidence. *See* Dkt. 43, at 3. I directed defendants to respond to that allegation, and they have responded. Dkt. 47. Defendants say that only placements and removals from mechanical restraints are recorded, and they provide the DOC policy stating that placements and removals are recorded. *See* Dkt. 49-1, at 4. In this instance, defendants say that they have a recording of the removal of Smith's restraints but not the placement of those restraints, because the video camera malfunctioned during the recording and staff was unable to retrieve the footage. Defendants explain that they made the removal footage available to Smith and that he has viewed it.

Smith followed with a motion for the court's *in camera* inspection of alleged additional video footage. Dkt. 51. Smith says that "this facility videotapes not only placement and removal on inmates from and to bed restraints, but also the duration of such restraint." *Id.* at 2. Smith also filed a motion for sanctions to be levied against defendants for spoliation of evidence.

I will deny Smith's motions because he is asking for footage that does not exist, and he has not presented any reason to think that prison staff destroyed footage either of the original placement or of the duration of his restraint. Smith says that the prison does tape the entire duration of restraint, but he does not say how he knows this. For instance, he does not say that he witnessed himself being videotaped through the entire 22-hour time he was restrained, or that he was placed in a cell with a camera in it. And defendants provide the policy showing that placements and removals are taped; the only reasonable inference is that the duration of restraint is not taped. As for footage of Smith's placement in restraints, defendants say that the camera malfunctioned and that there simply is not footage of the placement. Therefore there was nothing for defendants to destroy.

ORDER

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment, Dkt. 57, is GRANTED. Defendants Gary Boughton, Daniel Suthers, Todd Breese, Matthew Peckham, Brock Linsey-Steldt, Joshua Brown, Ricky Stillwell, Patrick Govier, and Steve Eck are DISMISSED from the case.

2. Plaintiff Antonio J. Smith's motions for *in camera* review and for spoliation sanctions, Dkt. 51 and Dkt 62, are DENIED.

Entered December 9, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge